Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HARBER, an individual doing business as "GABRIEL HARBER PHOTOGRAPHY", <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL SHELLENBERGER, an individual; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> **PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> <u>Jury Trial Demanded</u> |

Plaintiff Gabriel Harber, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101, *et seq*.

2.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. Plaintiff Gabriel Harber, d/b/a "Gabriel Harber Photography" ("Harber"), is an individual residing in Oakland, California.

5. Plaintiff is informed and believes and thereon alleges that defendant Michael Shellenberger ("Shellenberger") is an individual with his primary place of business located at 708 Euclid Avenue, Berkeley, CA 94708.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

# CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHS

8. Plaintiff is a professional photographer who primarily photographs weddings in addition to individual portraits.

9. In January 2018, Shellenberger hired Harber to take photographs for Shellenberger's gubernatorial race ("Subject Photographs"). Following Harber's

performance of photography services, Harber and Shellenberger entered into a license (the "Agreement") that allowed Shellenberger to use the Subject Photographs for promotional use in Shellenberger's gubernatorial bid in exchange for consideration, which included payment by Shellenberger to Harber. Further, the Agreement approved Shellenberger's use of the Subject Photographs, contingent upon Shellenberger crediting Harber for composing the Subject Photographs on the platforms where the Subject Photographs would be displayed. The Agreement, however, prohibited Shellenberger from commercial use and personal use of the Subject Photographs.

10. Plaintiff composed and owns the exclusive rights to the Subject Photographs, which were duly registered with the United States Copyright Office. Plaintiff is the sole owner of the exclusive rights to Subject Photographs.

11. Plaintiff is informed and believes and thereon alleges that following his electronic delivery of the Subject Photographs to Shellenberger, Shellenberger, DOE Defendants, and each of them used the Subject Photographs without Plaintiff's authorization for commercial purposes in various ways ("Infringing Use") including, but not limited to, use in online advertisements for speaking engagements, use for print publication, and use on websites such as https://www.shellenbergerforgovernor.com/, https://www.aaespeakers.com/keynote-speakers/michael-shellenberger, and https://www.harpercollins.com/.

12. Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photographs for commercial and personal benefit, without any accreditation to and without authorization from Harber, by without limitation, reproducing the Subject Photographs in the Infringing Use. True and correct copies and screen captures of Defendants' unauthorized uses are depicted in Exhibit A attached hereto.

13. Plaintiff has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photographs.

14.  On September 27, 2022, Harber, through his undersigned attorneys, sent Shellenberger a demand to cease and desist all infringing usage of the Subject Photographs. Shellenberger failed to respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

15.  Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16.  Defendants, and each of them, had access to the Subject Photographs through Plaintiff's electronic delivery of the Subject Photographs to Shellenberger.

17.  Defendants, and each of them, infringed Plaintiff's copyright by copying, publishing, and displaying the Subject Photographs to the public, including without limitation on the websites listed above, without Plaintiff's authorization or consent and beyond the scope of any license.

18.  Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

19.  Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

20.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00)

per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

21. Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

### With Respect to Each Claim for Relief

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photographs from their respective websites, catalogs, marketing and advertisement materials.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505;

e. That Plaintiff be awarded its costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

     h.  That Plaintiff be awarded the costs of this action; and

     i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 2, 2023     By:     */s/ Frank R. Trechsel*
     Scott Alan Burroughs, Esq.
     Frank R. Trechsel, Esq.
     DONIGER / BURROUGHS
     *Attorneys for Plaintiff*